UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

RENIKA ANDERSON                                    CIVIL ACTION

VERSUS                                             22-cv-815-SDD-EWD

BROCK SERVICES, L.L.C.

## RULING

This matter is before the Court on the Motion to Dismiss pursuant to Rule 12(b)(6) filed by Defendant, Brock Services, L.L.C. ("Defendant" or "Brock").[1] Plaintiff, Renika Anderson ("Plaintiff" or "Anderson"), filed an opposition,[2] to which Brock replied.[3] Anderson filed a sur-reply.[4] After careful consideration of the parties' arguments and the applicable law, for the foregoing reasons, the Court shall dismiss the Plaintiff's federal American with Disabilities Act ("ADA") claim and declines to exercise supplemental jurisdiction over the state law claims.

### I. FACTUAL & PROCEDURAL BACKGROUND

Anderson filed suit on September 14, 2022, alleging that she was injured while on the job when she was hit by a vehicle driven by a co-worker on July 28, 2021.[5] Anderson sustained a right leg and foot injury and, upon reporting it to her employer Brock, was met with resistance and pressured to not fully or accurately report the incident.[6] Anderson claims that Brock representatives attempted to influence and persuade other Brock employees who witnessed the incident to not fully or accurately report the details.[7]

---

[1] Rec. Doc. No. 9.
[2] Rec. Doc. No. 12.
[3] Rec. Doc. No. 15.
[4] Rec. Doc. No. 25.
[5] Rec. Doc. No. 1-1.
[6] Rec. Doc. No. 1-1.
[7] Rec. Doc. No. 1-1.

Anderson alleges that the accident caused her to suffer a "heel spur" that required her to drive a vehicle with her left foot—instead of her right—and prop "her leg up whenever she had a chance while performing her work obligations."[8]

Ultimately, in alleged retaliation, Brock terminated Anderson on August 4, 2021, for refusal to perform work duties and "in conjunction with her injury incident."[9] On August 12, 2021, Anderson received correspondence from Brock Services Life Insurance misrepresenting her date of termination as July 27, 2021, which is one day before her injury.[10] On September 4, 2021, a Brock human resources representative called Anderson asking her if she was returning to work the following Monday, to which Anderson explained that she had been terminated and told that her termination was upon the request of Brock's human resources department "in conjunction with her injury incident."[11] The human resources representative who phoned Anderson on September 4th told her that he would do an investigation and call her back, but he never did.[12]

Anderson alleges she filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") on May 5, 2022, and received a right-to-sue letter dated June 16, 2022, in response.[13] On September 14, 2022, Anderson filed the instant suit alleging ADA discrimination, Workers' Compensation interference and retaliation, negligent hiring and retention, wrongful termination, fraud, misrepresentation, and vicarious liability.[14]

---

[8] Rec. Doc. No. 1-1, p. 4.
[9] Rec. Doc. No. 1-1, p. 4.
[10] Rec. Doc. No. 1-1, p. 4.
[11] Rec. Doc. No. 1-1, p. 4.
[12] Rec. Doc. No. 1-1, p. 4.
[13] Rec. Doc. No. 1-1, p. 4.
[14] Rec. Doc. No. 1-1, p. 5.

Brock moves to dismiss and contends that Anderson's charge of discrimination was not filed with the EEOC until June 3, 2022, which Brock supports with a certified copy of the EEOC records regarding Anderson's charge of discrimination.[15] In opposition, Anderson identifies May 31, 2022, not May 5, 2022, as the correct date she filed the EEOC charge and attaches to her memorandum a copy of the Charge of Discrimination bearing a stamp indicating it was received by the EEOC on May 31, 2022.[16]

Brock maintains Anderson's ADA claims are prescribed because Anderson failed to timely file a charge with the EEOC within 300 days of the allegedly actionable discrimination.[17] In the alternative, Brock seeks dismissal of her ADA claims for failure to state a claim. Brock also argues that Anderson's state law claims are prescribed.[18]

## II. LAW & ANALYSIS

### A. 12(b)(6) Motion to Dismiss Standard

When deciding a Rule 12(b)(6) motion to dismiss, "[t]he 'court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'"[19] The Court may consider "the complaint, its proper attachments, 'documents incorporated into the complaint by reference, and matters of which a court may take judicial notice.'"[20] "To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead 'enough facts to state a claim to relief that is plausible on its face.'"[21]

---

[15] Rec. Doc. No. 9-8, pp. 17–19.
[16] Rec. Doc. No. 12, p. 3.
[17] Rec. Doc. No. 9.
[18] Rec. Doc. No. 9.
[19] *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)) (internal quotations omitted).
[20] *Randall D. Wolcott, M.D., P.A. v. Sebelius*, 635 F.3d 757, 763 (5th Cir. 2011) (quoting *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 338 (5th Cir. 2008).
[21] *In re Katrina Canal Breaches Litig.*, 495 F.3d at 205 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (hereinafter *Twombly*)).

In *Twombly*, the United States Supreme Court set forth the basic criteria necessary for a complaint to survive a Rule 12(b)(6) motion to dismiss. "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."[22] A complaint is also insufficient if it merely "tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"[23] However, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[24] In order to satisfy the plausibility standard, the plaintiff must show "more than a sheer possibility that a defendant has acted unlawfully."[25] "Furthermore, while the court must accept well-pleaded facts as true, it will not 'strain to find inferences favorable to the plaintiff[].'"[26] "[O]n a motion to dismiss, courts 'are not bound to accept as true a legal conclusion couched as a factual allegation.'"[27]

The Fifth Circuit has explained that all well-pleaded facts are taken as true and viewed in the light most favorable to the plaintiff.[28] The task of the Court is not to decide if the plaintiff will eventually be successful, but to determine if a "legally cognizable claim" "has been asserted."[29]

---

[22] *Twombly*, 550 U.S. at 555 (internal citations and brackets omitted).
[23] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations omitted) (hereinafter *Iqbal*).
[24] *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).
[25] *Id.*
[26] *Taha v. William Marsh Rice Univ.*, No. CIV.A. H-11-2060, 2012 WL 1576099, at *2 (S.D. Tex. May 3, 2012) (quoting *Southland Sec. Corp. v. Inspire Ins. Sols., Inc.*, 365 F.3d 353, 361 (5th Cir. 2004)).
[27] *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).
[28] *Thompson v. City of Waco, Tex.*, 764 F.3d 500, 502 (5th Cir. 2014), *abrogated by Hamilton v. Dallas Cnty.*, No. 21-10133, 2023 WL 5316716 (5th Cir. Aug. 18, 2023).
[29] *Clark v. Auger Servs., Inc.*, 443 F. Supp. 3d 685, 700 (M.D. La. 2020) (quoting *Thompson v. City of Waco, Tex.*, 764 F.3d at 503).

**B. Timeliness of ADA Claims Against Brock Services**

A plaintiff must exhaust her administrative remedies by timely filing a charge of discrimination with the EEOC and receiving a right-to-sue notice before seeking relief from this Court.[30] Pursuant to 42 U.S.C. § 2000e-5(e)(1), "[an EEOC] charge under this section shall be filed within one hundred and eighty days after the alleged unlawful employment practice occurred...." A claimant has an extended, 300-day period in which to file an EEOC charge in a "deferral state," such as Louisiana.[31] "Failure to file a timely charge with the EEOC before commencing a lawsuit will result in dismissal of the suit."[32]

Brock seeks dismissal because Anderson did not file her charge of discrimination with the EEOC within 300 days of her August 4th termination. Although Anderson alleges that she filed her EEOC charge on May 5, 2022, Brock submits a certified copy of the EEOC records of Anderson's charge against Brock that includes Anderson's Charge of Discrimination stamped "RECEIVED" by the EEOC on June 3, 2022.[33]

In opposition, Anderson admits that her allegation that she filed on May 5, 2022, was incorrect but denies that she did not file until June 3, 2022.[34] Anderson counters that her 300-day deadline began from her "last date of harm" on September 4, 2021, and she

---

[30] *Jennings v. Towers Watson*, 11 F.4th 335, 342 (5th Cir. 2021); *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378–79 (5th Cir. 2002); 42 U.S.C. § 2000e-5(f)(1); *see also, e.g.*, *Clark v. Auger Servs., Inc.*, 443 F. Supp. 3d 685, 701 (M.D. La. 2020).

[31] *Conner v. La. Dep't of Health & Hosps.*, 247 F. App'x 480, 481 (5th Cir. 2007); *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 109 (2002); *Grice v. FMC Techs. Inc.*, 216 F. App'x 401, 405 (5th Cir. 2007) (citing *Huckabay v. Moore*, 142 F.3d 233, 238 (5th Cir. 1998); *Young v. City of Houston, Tex.*, 906 F.2d 177, 179 (5th Cir. 1990)); *Janmeja v. Bd. of Supervisors of La. State Univ.*, 96 F. App'x 212, 214 (5th Cir. 2004) (citing 42 U.S.C § 2000e–5(e)(1)); *see also O'Neal v. Cargill, Inc.*, 178 F. Supp. 3d 408, 418 (E.D. La. 2016).

[32] *O'Neal*, 178 F. Supp. 3d at 418 (citing *Morgan*, 536 U.S. at 109; *Hague v. Univ. of Tex. Health Sci. Ctr. at San Antonio*, 560 F. App'x 328, 331 (5th Cir. 2014); *Price v. Choctaw Glove & Safety Co.*, 459 F.3d 595, 598 (5th Cir. 2006); *Taylor*, 296 F.3d at 378–79 (5th Cir. 2002).

[33] Rec. Doc. No. 9-8, pp. 17–19.

[34] Although Plaintiff alleges she filed her Charge of Discrimination on May 5, 2022, Plaintiff explained that this date was in error and should have been May 31, 2022. Anderson argues that she filed and the EEOC received her Charge on May 31, 2022. Rec. Doc. No. 12, p. 3.

timely filed her charge on May 31, 2022.[35] In support, Anderson attaches a copy of her Charge of Discrimination stamped received by the EEOC on May 31, 2022.[36] Brock challenges the authenticity of Anderson's exhibit.

The Court does not reach the timeliness question because, for the following reasons, the Plaintiff's Complaint fails to state an ADA claim.

### C. Sufficiency of ADA Violation Allegations

Brock also seeks dismissal of Anderson's ADA claim because Anderson failed to allege facts establishing that she suffered an ADA qualifying disability.[37] Anderson counters that her allegations that she adjusted her driving because of her heel spur sufficiently plead that a major life activity was substantially limited, and, thus, she alleged an ADA disability.

To state an ADA discrimination claim, a plaintiff must allege that she is disabled because either (1) she has a physical or mental impairment that substantially limits one or more major life activity, (2) she has a record of such an impairment, or (3) she is regarded as having such an impairment.[38]

Anderson alleges that her job duties included "transporting" Brock employees.[39] She conceded that she "[c]ontinued her work duties, adjusted her driving and propped her leg up whenever she had a chance while performing her work obligations."[40] Ultimately, Anderson's injury resolved and she was released to full work duty without restrictions.[41] In her opposition, Anderson asserts additional details and facts about her

---

[35] Rec. Doc. No. 12.
[36] Rec. Doc. No. 12-1.
[37] Rec. Doc. 9-1, pp. 7-8.
[38] 42 U.S.C. § 12102(1).
[39] Rec. Doc. 1-1.
[40] Rec. Doc. 1-1, pp. 3-4.
[41] Rec. Doc. 1-1.

injury and resulting impact.[42] Any arguments or assertions of facts in Anderson's opposition that are not pled in her Complaint are not properly before the Court.[43]

The ADA defines "major life activities" as including "caring for oneself, performing manual tasks, seeing, hearing, eating, sleeping, walking, standing, lifting, bending, speaking, breathing, learning, reading, concentrating, thinking, communicating, and working"[44] as well as "the operation of a major bodily function."[45] Driving is not included in the ADA's illustrative list, and the Fifth Circuit has declined to consider driving to be a qualifying major life activity.[46] This Court and, more recently, our sister court sitting in the Western District of Louisiana have followed the Fifth Circuit and declined to consider driving a major life activity.[47]

In the absence of any allegations that a major life activity was substantially impaired because of her heel spur, Anderson has not alleged a disability that could give rise to an ADA claim.

Accordingly, Brock's Motion to Dismiss Anderson's ADA claim shall be granted.

---

[42] Rec. Doc. 12, pp. 5-6.
[43] *Mocsary v. Ard*, No. 17-1713-SDD-EWD, 2018 WL 4608485, at *11 (M.D. La. Sept. 25, 2018) ("[A]rguments of counsel in a brief are not a substitute for properly pleaded allegations, and 'it is axiomatic that a complaint cannot be amended by briefs in opposition to a motion to dismiss.'") (quoting *Becnel v. St. Charles Par. Sheriff's Office*, No. 15-1011, 2015 WL 5665060, at *1 n.3 (E.D. La. Sept. 24, 2015) (quoting *In re Enron Corp. Sec., Derivative & ERISA Litig.*, 761 F. Supp. 2d 504, 566 (S.D. Tex. 2011) (collecting cases)). Because a Rule 12(b)(6) motion tasks the Court with "assess[ing] the legal sufficiency of the complaint," the Court does not consider allegations that appear for the first time in plaintiffs' briefing. *Servicios Azucareros de Venezuela, C.A. v. John Deere Thibodeaux, Inc.*, 702 F.3d 794, 806 (5th Cir. 2012)).
[44] 42 U.S.C. § 12102(2)(A).
[45] *Id.* § 12102(2)(B).
[46] *Wilson v. Cap. Transp. Corp.*, 234 F.3d 29, at *1 n.5 (5th Cir. 2000) ("Driving may be ubiquitous in our society, but we are not prepared to hold today that driving is a major life activity for ADA purposes: it is not on the non-exhaustive list of major life activities (including walking, seeing, and breathing) in the EEOC regulations, 29 C.F.R. § 1630.2(i), and the Second and Fourth Circuits have found that driving is not a major life activity.") (internal citations omitted).
[47] *Russell v. Louisiana through Div. of Admin.*, No. CV 02-1076-JJB, 2006 WL 8432078, at *3 (M.D. La. Oct. 3, 2006); *Randall v. United Petroleum Transports, Inc.*, 131 F. Supp. 3d 566, 571 (W.D. La. 2015) (adhering to *Wilson* after the ADAA 2008 amendment to the ADA).

### D. Timeliness of Anderson's State Law Claims

Brock's Motion to Dismiss challenges the timeliness of Anderson's state law claims of discrimination, Workers' Compensation interference and retaliation, fraud, misrepresentation, negligent hiring and retention, vicarious liability, and wrongful termination. The Court does not reach these challenges because the Court declines to exercise supplemental jurisdiction over any state law claims because Anderson's only federal law claim is hereby dismissed. Any remaining claims shall be remanded to state court.

## III. CONCLUSION

For the reasons set forth above, Brock's Motion to Dismiss[48] is granted and Plaintiff Renika Anderson's ADA claim is dismissed with prejudice. Any remaining state law claims are remanded to the Nineteenth Judicial District Court for the State of Louisiana.

**IT IS SO ORDERED.**

Baton Rouge, Louisiana, this 29th day of September, 2023.

_____
**SHELLY D. DICK
CHIEF DISTRICT JUDGE
MIDDLE DISTRICT OF LOUISIANA**

---

[48] Rec. Doc. No. 9.